

FILED
IN OPEN COURT

OCT - 8 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:20-cr-11 |
| | ) | |
| XAVIER HOWELL, | ) | 21 U.S.C. § 846 |
| a/k/a "X," | ) | Conspiracy to Manufacture, Distribute, and |
| (Counts 1-4) | ) | Possess with Intent to Manufacture and |
| | ) | Distribute Methamphetamine |
| | ) | (Count 1) |
| KEVIN DAY, | ) | |
| a/k/a "Yung Hauncho," | ) | |
| (Counts 1, 4) | ) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1), |
| | ) | 18 U.S.C. § 2 |
| KEVIN HOWARD II, | ) | Possession with Intent to Distribute |
| a/k/a "Dubbs," | ) | Methamphetamine |
| (Counts 1, 3, and 4) | ) | (Counts 2-3) |
| | ) | |
| and | ) | 18 U.S.C. § 1956(h) |
| | ) | Conspiracy to Launder Money |
| LAQUISHA MCFRAZIER, | ) | (Count 4) |
| a/k/a "Quisha," | ) | |
| (Counts 1 and 4) | ) | Criminal Forfeiture |
| | ) | |
| Defendants. | ) | |

### SUPERSEDING INDICTMENT

October 2020 TERM – at Norfolk

THE GRAND JURY CHARGES THAT:

COUNT ONE

(Conspiracy to Manufacture, Distribute,
and Possess with Intent to Manufacture and Distribute Methamphetamine)

Beginning in or about early 2019 and continuing thereafter until on or about November 26, 2019, within the Eastern District of Virginia and elsewhere, the defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," and Tamara Latisha Howell, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to knowingly and intentionally manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of methamphetamine, commonly known as "ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

Ways, Manner, and Means of the Conspiracy

1. The objective of the conspiracy was to make money through the importation, manufacture, and distribution of methamphetamine. The ways, manner, and means by which that objective was carried out included, but were not limited to, the following:

2. It was part of the conspiracy for XAVIER HOWELL to procure methamphetamine and have it shipped in wholesale quantities from California into the Eastern District of Virginia.

3. It was a further part of the conspiracy for KEVIN DAY to serve as a source of supply for methamphetamine to XAVIER HOWELL and his Virginia-based co-conspirators.

2

4. It was a further part of the conspiracy for KEVIN DAY to arm himself with a handgun.

5. It was a further part of the conspiracy for LAQUISHA MCFRAZIER to use her position as an employee of the United States Postal Service to facilitate the shipment of packages containing methamphetamine from KEVIN DAY and his California-based co-conspirators to XAVIER HOWELL and his Virginia-based co-conspirators.

6. It was a further part of the conspiracy for KEVIN HOWARD II to receive wholesale quantities of methamphetamine from XAVIER HOWELL for further distribution within the Eastern District of Virginia.

7. It was a further part of the conspiracy for KEVIN HOWARD II, XAVIER HOWELL, and other co-conspirators to use a rented residence to receive, store, and manufacture methamphetamine and other controlled substances.

8. It was a further part of the conspiracy for Tamara Latisha Howell to receive packages of methamphetamine at an address in Virginia Beach on behalf of XAVIER HOWELL and their Virginia-based co-conspirators.

9. It was a further part of the conspiracy for the defendants and their co-conspirators to conduct financial transactions with drug proceeds, including wire transfers, bank deposits, electronic transfers, and withdrawals, to facilitate the procurement, transportation, and distribution of methamphetamine.

10. It was a further part of the conspiracy for XAVIER HOWELL to use monetary transactions to and from business entities that he controlled to conceal and disguise the nature, location, source, ownership, and control of proceeds of the drug trafficking conspiracy.

11. It was a further part of the conspiracy for the defendants and their co-conspirators to use communication facilities to coordinate the purchase, shipment, and distribution of methamphetamine and other narcotics, and the proceeds from the sales of methamphetamine and other narcotics.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objective thereof, the following overt acts, among others, were committed in the Eastern District of Virginia, the Central District of California, and elsewhere:

1. On or about September 11, 2019, Tamara Latisha Howell received a package containing approximately one kilogram of a controlled substance that KEVIN DAY had caused to be shipped from a United States Post Office in Vernon, California, to her residence on Ego Drive in Virginia Beach, Virginia.

2. On or about September 24, 2019, LAQUISHA MCFRAZIER mailed a Priority Mail Express package containing approximately 1.75 kilograms of methamphetamine from a United States Post Office in Vernon, California, to the residence of Tamara Latisha Howell on Ego Drive in Virginia Beach, Virginia.

3. On or about September 27, 2019, in Chesapeake, Virginia, XAVIER HOWELL and Tamara Latisha Howell possessed with intent to distribute approximately 1.75 kilograms of methamphetamine.

4. On or about September 27, 2019, in Chesapeake, Virginia, XAVIER HOWELL and KEVIN HOWARD II possessed with intent to distribute approximately 170 grams of a mixture and substance containing methamphetamine and over $6,000 in United States currency.

5. On or about November 26, 2019, in Anaheim, California, KEVIN DAY possessed

4

approximately $17,000 in United States currency and a Walther semi-automatic handgun.

(All in violation of Title 21, United States Code, Section 846.)

COUNT TWO

(Possession with Intent to Distribute Methamphetamine)

On or about September 27, 2019, in Chesapeake, Virginia, in the Eastern District of Virginia, the defendant, XAVIER HOWELL, a/k/a "X," did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, commonly known as "ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.)

COUNT THREE

(Possession with Intent to Distribute Methamphetamine)

On or about September 27, 2019, in Chesapeake, Virginia, in the Eastern District of Virginia, the defendants, XAVIER HOWELL, a/k/a "X," and KEVIN HOWARD II, a/k/a "Dubbs," did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.)

## COUNT FOUR

From in or about early 2019 and continuing thereafter until in or about December 2019, the exact dates being unknown to the Grand Jury, in the Eastern District of Virginia and elsewhere, the defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons, known and unknown to the Grand Jury, to commit the following offenses:

The defendants, XAVIER HOWELL, DAY, HOWARD, and MCFRAZIER, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity—namely, conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute methamphetamine, as set forth and charged in Count One of this Superseding Indictment—did knowingly conduct and attempt to conduct such financial transaction:

(a) with the intent to promote the carrying on of specified unlawful activity, that is, the conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute methamphetamine set forth and charged in Count One of this Superseding Indictment, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity, that is, the conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute

6

methamphetamine set forth and charged in Count One of this Superseding Indictment, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## WAYS, MANNER AND MEANS OF THE CONSPIRACY

In addition to the Ways, Manner, and Means listed in Count One, the Ways, Manner and Means used to accomplish the objectives of the conspiracy included, among others, the following:

1. It was a part of the conspiracy for the conspirators to deposit United States currency into, withdraw funds out of, and move funds between and among the following bank and credit accounts, among others: (1) Bank of America checking account number **2588 and savings account number **6225, registered to KEVIN DAY, (2) Wells Fargo checking account number **9501 registered to XAVIER HOWELL, (3) JPMorgan Chase checking account number **0339 registered to XAVIER HOWELL, (4) Capital One Bank Mastercard credit card numbers **1884 and **7027 registered to XAVIER HOWELL, (5) PayPal account number **8802 registered to XAVIER HOWELL, doing business as ELITE MUSIC, also known as ELITE MUSIC CIRCLE, (6) PayPal account number **2808 registered to A.W., doing business as MED TRANSIT AUTO SALES, INC., controlled by XAVIER HOWELL, (7) Wells Fargo checking account numbers **2251 and **6889, and savings accounts numbers **3340 and **0333, registered to LAQUISHA MCFRAZIER, and (8) Wells Fargo checking account number **6726 registered to KEVIN HOWARD II.

2. It was a further part of the conspiracy for the conspirators to pay for methamphetamine and other narcotics using the proceeds of earlier drug transactions.

3. It was a further part of the conspiracy for the conspirators to pay for airline tickets, rental cars, and other means of travel using the proceeds of earlier drug transactions.

## OVERT ACTS

In furtherance of the conspiracy, and to bring about the objects and goals of the conspiracy, the defendants herein committed the following overt acts, among others, in the Eastern District of Virginia and elsewhere:

1. On or about August 6, 2019, KEVIN HOWARD II deposited approximately $1,420 into a bank account he controlled at an automated teller machine on North Battlefield Boulevard in Chesapeake, Virginia.

2. On or about August 6, 2019, KEVIN HOWARD II transferred approximately $1,100 to XAVIER HOWELL using a digital payment service.

3. On or about September 6, 2019, XAVIER HOWELL transferred approximately $2,000 to KEVIN DAY using a digital payment service.

4. On or about September 10, 2019, KEVIN DAY deposited approximately $2,120 into a bank account he controlled at an automated teller machine on East Little Creek Road in Norfolk, Virginia.

5. On or about September 11, 2019, XAVIER HOWELL transferred approximately $2,000 to LAQUISHA MCFRAZIER using a digital payment service.

6. On or about September 11, 2019, KEVIN DAY withdrew $1,200 cash from his Bank of America savings account **6225.

7. On or about September 15, 2019, XAVIER HOWELL transferred approximately $2,000 to KEVIN DAY using a digital payment service.

8. On or about September 16, 2019, XAVIER HOWELL transferred approximately $2,000 to KEVIN DAY using a digital payment service.

9. On or about September 16, 2019, KEVIN DAY withdrew $4,000 cash from his Bank of America savings account **6225.

10.     On or about September 22, 2019, XAVIER HOWELL transferred approximately $2,000 to KEVIN DAY using a digital payment service.

11.     On or about September 25, 2019, XAVIER HOWELL transferred approximately $500 to LAQUISHA MCFRAZIER using a digital payment service.

(All in violation of Title 18, United States Code, Section 1956(h).)

CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," if convicted of any of the violations alleged in this Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition used in or involved in the violation.

2. The defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," if convicted of any of the violations alleged in Counts One to Three of this Superseding Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the violation; and

   b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

3. The defendants, XAVIER HOWELL, a/k/a "X," KEVIN DAY, a/k/a "Yung Hauncho," KEVIN HOWARD II, a/k/a "Dubbs," and LAQUISHA MCFRAZIER, a/k/a "Quisha," if convicted of the violation alleged in Count Four of this Superseding Indictment, shall forfeit to the United States, any property, real or personal, involved in the offense, or any property traceable to such property.

4.   If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

(In accordance with 18 U.S.C. §§ 982(a)(1) and 924(d) by 28 U.S.C. § 2461, and 21 U.S.C. § 853.)

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States v. Xavier Howell et al.*
2:20-cr-11

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

G. Zachary Terwilliger
UNITED STATES ATTORNEY

By: _____
Andrew Bosse
John F. Butler
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 6000
Norfolk, VA 23510
Office Number: 757-441-6331
Email Address:   andrew.bosse@usdoj.gov
                 john.f.butler@usdoj.gov